**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-2560-WJM-MJW

ROOFTOP RESTORATIONS, INC., a Colorado Corporation,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin Corporation,

    Defendant.

---

**ORDER CERTIFYING QUESTION OF LAW TO THE COLORADO SUPREME COURT AND DENYING SUMMARY JUDGMENT AS PREMATURE**

---

This matter is before the Court on Defendant American Family Mutual Insurance Company's Motion for Partial Summary Judgment.  (ECF No. 22.)  The motion has been fully briefed (*see* ECF Nos. 26, 27), and presents a single, discrete legal issue: Whether Plaintiff's claim for unreasonable delay or denial of insurance benefits arising under Colorado Revised Statutes §§ 10-3-1115 & -1116 is subject to the one-year statute of limitations applicable to actions arising under "penal statutes," Colo. Rev. Stat. § 13-80-103(d).

Because the Court concludes that this issue may be case-determinative and it appears no controlling precedent from the Colorado Supreme Court resolves it, the Court, on its own motion, certifies this question of law to the Colorado Supreme Court, as set out below.  See C.A.R. 21.1(a) & (b).

## I. BACKGROUND

Pursuant to Colorado Appellate Rule 21.1(c)(2), the Court concludes that the

following facts and background are relevant to the question of law to be certified and fully show the nature of the controversy in which this question arises.

In this insurance dispute, the insureds held a homeowners policy issued by Defendant ("American Family").  (*See generally* ECF No. 22 at 1.)  On August 30, 2013, the insureds asserted a claim for hail damage.  (*Id.* at 1–2.)  On September 3, 2013, American Family estimated that the cost to repair the damage was less than the policy's $1,000 deductible.  (*Id.* at 2; ECF No. 22-1.)  At some point thereafter, the insureds assigned their claim against American Family to their contractor, Plaintiff Rooftop Restoration, Inc. ("Rooftop").[1]  On May 13, 2014, Rooftop sent American Family an estimate that the relevant cost of repairs was nearly $70,000.  (*Id.* at 2; ECF No. 22-2.)  Following a reinspection, on May 28, 2014, American Family increased its estimate of the covered damage to approximately $4,000, and sent the insureds a payment for that amount, less the deductible, or approximately $3,000.  (*Id.* at 2–3; ECF No. 22-3.)

This lawsuit followed.  Rooftop filed its Complaint against American Family in Denver District Court on September 11, 2015.  (ECF No. 1-5.)  On November 23, 2015, American Family removed the case to this Court pursuant to federal diversity jurisdiction, 28 U.S.C. § 1332.  (ECF No. 1.)  Rooftop asserts two causes of action: breach of contract, and unreasonable delay or denial of insurance benefits, Colo. Rev. Stat. §§ 10-3-1115 & -1116 (*i.e.*, "statutory bad faith").  (*See* ECF No. 1-3 at 4–5; ECF No. 34 at 2.)

---

[1] Plaintiff alleges the assignment occurred on November 11, 2013.  (*See* ECF No. 34 at 5, ¶ 22.)  In other filings, American Family disputes whether the assignment was valid or was prohibited by the insurance contract, but does not dispute this date.  (*See id.* at 6.)

## II.  DISCUSSION

Given the timeline above, it is undisputed that Rooftop's claims were filed more than one year after they accrued.  American Family argues that Rooftop's statutory bad faith claim is therefore time-barred by § 13-80-103(d) because that provision applies to "penal statutes," and Colo. Rev. Stat. § 10-3-1116 is such a "penal" statute, when analyzed under the test articulated in *Kruse v. McKenna*, 178 P.3d 1198, 1201 (Colo. 2008); *see also Palmer v. A.H. Robins Co.*, 684 P.2d 187, 214 (Colo. 1984).  Under that test, courts address:  (1) whether the statute asserted a new and distinct cause of action; (2) whether the claim would allow recovery without proof of actual damages; and (3) whether the claim would allow an award in excess of actual damages.  *Kruse*, 178 P.3d at 1201.

Given the large number of cases litigated under §§ 10-3-1115 & -1116, it is surprising that neither the Colorado Supreme Court nor any division of the Colorado Court of Appeals has resolved whether the one-year statute of limitations (Colo. Rev. Stat. § 13-80-103(d)) applies to such claims, or decided whether § 1116 is a "penal statute" under *Kruse*.  One explanation for this lack of controlling authority may be that many such cases are removed from the Colorado courts to this Court pursuant to 28 U.S.C. § 1332, by insurance companies headquartered outside Colorado.  Indeed, this frequently-recurring question of law question has been addressed both directly and indirectly by many of the judges of this Court.[2]  Some of these decisions have squarely

---

[2] *See, e.g., Pinewood Townhome Assoc., Inc. v. Auto Owners Ins. Co.*, 2017 WL 131798, at *4 n.2 (Arguello, J., recognizing "various courts in this district concluding that §§ 10-3-1115 and 10-3-1116 are subject to a one-year limitations period because they are penal in nature" (collecting cases)); *MacKinney v. Allstate Fire and Cas. Ins. Co.*, 2016 WL

held that because § 10-3-1116 is penal in nature, claims arising under it are subject to a one-year statute of limitations.  *Phipps*, 2015 WL 5047640, at *3; *see also Mascarenas v. Am. Family Mut. Ins. Co.*, 2015 WL 8303604, at *8 (D. Colo. Dec. 8, 2015).  Others have concluded the statute is penal under the *Kruse* test, without directly addressing the statute of limitations issue.  *Rooftop I*, 2015 WL 9185679, at *4 (holding statute is penal under *Kruse* and that claims therefore cannot be assigned); *Hernandez*, 2013 WL 6633392, at *3–4 (same).

The undersigned finds the analysis in *Hernandez* and *Phipps* to be persuasive.  However, this Court's role is not to reach its own judgment regarding open questions of Colorado law, but to follow the decisions of the Colorado Supreme Court, and, "[w]here no controlling state decision exists . . . to predict what the state's highest court would do," using "guidance from decisions rendered by lower courts in the relevant state."  *Wade v. EMCASCO Inc. Co.*, 483 F.3d 657, 665–66 (10th Cir. 2007).

Here, the Court finds it impossible to predict with confidence what the Colorado Supreme Court would do.  On the one hand, the decisions in this Court have persuasively applied the controlling test articulated by the Colorado Supreme Court in *Kruse* to conclude the statute is penal.  *See supra* note 2; *MacKinney*, 2016 WL

---

7034977, at *6–8 (D. Colo. Dec. 1, 2016) (Wang, J., collecting decisions on this issue in this Court and in Colorado trial courts); *Rooftop Restoration, Inc. v. Ohio Ins. Co.*, 2015 WL 9185679, at *4 (D. Colo. Dec. 17, 2015) ("*Rooftop I*") (Babcock, J., holding "the statute creates a penalty" under *Kruse* (citing *Hernandez* and *Phipps*, *infra*)); *Gerald A. Phipps, Inc. v. Travelers Prop. Cas. Co. of Am.*, 2015 WL 5047640, at *3 (D. Colo. Aug. 27, 2015) ("*Phipps*") (Brimmer, J., holding "Section 10-3-1116(1) satisfies all three elements of the *Kruse* test" and is therefore "subject to a one-year statute of limitations . . . pursuant to . . . § 13-80-103(1)(d)"); *Hernandez v. Am. Standard Ins. Co. of Wisconsin*, 2013 WL 6633392, at *3–4 (D. Colo. Dec. 16, 2013) (Jackson, J., holding "the statute [§ 10-3-1116] creates a penalty" under *Kruse*).

7034977, at *8 (collecting and summarizing cases); *Pinewood Townhome*, 2017 WL 131789, at *4 n.2 (same). On the other hand, language and analysis in recent Colorado Court of Appeals opinions casts doubt upon earlier decisions of this Court, but these decisions have not resolved the statute of limitations issue, and have not applied the *Kruse* test. In particular, the panel in *Casper v. Guarantee Trust Life Ins. Co.*, ___P.3d ___, 2016 WL 6803070, at *8 (Colo. App. Dec. 15, 2016) "disagree[d] that the statute is penal and instead conclude[d] that section 10-3-1116 is remedial in nature." However, *Casper* reached that conclusion in a distinct context (whether attorneys' fees awarded under § 10-3-1116 are considered damages), and without analysis under *Kruse*.[3] *See also Stresscon Corp. v. Travelers Prop. Cas. Co.*, 373 P.3d 615, 639 (Colo. App. 2013) (describing § 10-3-1116 as a "remedial statutory scheme," but without citation to *Kruse*), *rev'd on other grounds*, 370 P.3d 140 (Colo. 2016).

Given these decisions, the undersigned agrees with the recent observation of U.S. Magistrate Judge Nina Y. Wang that "the law regarding the applicable statute of limitations remains uncertain." *MacKinney*, 2016 WL 7034977, at *8 (reviewing cases). Moreover, more than three years have passed since U.S. District Judge R. Brooke Jackson wrote that "[u]ltimately, this issue will be resolved by Colorado's appellate courts," *Hernandez*, 2013 WL 6633392, at *3, yet the issue remains both unresolved and frequently-recurring. And, no matter how many statutory bad faith claims cases are removed to this Court, it cannot definitively resolve this question of Colorado law. *See*

---

[3] The Court is aware that the deadline for a petition for certiorari to be filed in *Casper* has been extended to Feb. 9, 2017. However, *Casper* does not present the same issue certified here.

*Wade*, 483 F.3d at 666.  Accordingly, the Court certifies this issue to the Colorado Supreme Court, as set out below.[4]

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Pursuant to Colorado Appellate Rule 21.1, the Court CERTIFIES the following question of law to the Colorado Supreme Court:

    > *Is a claim brought pursuant to Colorado Revised Statutes § 10-3-1116 subject to the one-year statute of limitations found in Colorado Revised Statutes § 13-80-103(d) and applicable to "All actions for any penalty of forfeiture of any penal statutes"?*

2. Pursuant to Colorado Appellate Rule 21.1, the Clerk shall forward this order to the Colorado Supreme Court under the Clerk's official seal.  Also pursuant to Colorado Appellate Rule 21.1, the Clerk shall, if and when requested by the Colorado Supreme Court, forward the original or any copies of any portion of the record which the Colorado Supreme Court may determine necessary.

3. Defendant American Family Mutual Insurance Company's Motion for Partial Summary Judgment (ECF No. 22) is DENIED WITHOUT PREJUDICE AS PREMATURE, pending the Colorado Supreme Court's response to this Order and certification.

4. The jury trial currently set for May 8, 2017, the Trial Preparation Conference set

---

[4] Although the insureds' assignment of their claim to Rooftop presents a factual wrinkle, the Court does not view this as counseling against certification.  The exact same legal analysis is dispositive of both issues, with the same implications for Rooftop's claim.  If the statute is held penal under *Kruse*, then the claim under § 10-3-1116 is time-barred, and also was not assignable to Rooftop.  *See Hernandez*, 2013 WL 6633392, at *5.

for April 21, 2017, and all related deadlines are hereby VACATED.

5. This case is ADMINISTRATIVELY CLOSED subject to re-opening for good cause shown upon motion by any party. If the Colorado Supreme Court chooses not to answer the certified question, the parties shall file a joint status report within five business days of that decision. If the question of law certified above is resolved by any other decision of either the Colorado Supreme Court or the Colorado Court of Appeals, the parties shall promptly file a notice citing and docketing any such decision.

Dated this 8th day of February, 2017.

BY THE COURT:

William J. Martinez
United States District Judge